MARC E. MAYER (190969)
 mem@msk.com
DANIEL A. KOHLER (285501)
 dxk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
Licensing IP International S.à.r.l.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Licensing IP International S.à.r.l., | CASE NO. 2:14-cv-9252 MMM (ASx) |
|---|---|
| Plaintiff, | [Consolidated with Case No. 2:14-cv-9260 and Case No. 2:14-cv-9262] |
| v. | The Honorable Alka Sagar |
| DOES 1 through 10 d/b/a "poernhub.com," "porngub.com," "redtube.cc," and "youporn.fm," | **NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR LEAVE TO TAKE LIMITED IMMEDIATE DISCOVERY** |
| Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| | [Declaration of Daniel A. Kohler and [Proposed Order filed concurrently herewith] |
| | File Date: December, 2 2014<br>Trial Date: None set |

# NOTICE OF *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that Plaintiff Licensing IP International S.à.r.l. ("MindGeek") hereby applies *ex parte* pursuant to Federal Rule of Civil Procedure 26(d) and Local Rule 7-19 for leave to serve subpoenas necessary for MindGeek to learn the identities of those persons who registered the infringing domain names at issue and unlawfully appropriated MindGeek's valuable trademarks. The subpoenas sought by this motion are for the following domain name registrars (or the applicable parent, subsidiary, or affiliate), which registered the infringing domain names at issue:

- DYNADOT, LLC;
- GODADDY, LLC;
- GoDaddy.com, LLP;
- GoDaddy.com Inc.;
- GoDaddy.com;
- NAME.COM; and
- ENOM, INC.

Additionally, MindGeek seeks to subpoena the following domain name registrants, including privacy services (or the applicable parent, subsidiary, or affiliate), which have been used to shield the identities of the true owners of the infringing domain names at issue:

- Domains by Proxy, LLC;
- WHOISGUARD, INC.; and
- Whois Privacy Protection Service, Inc.

Good cause exists for the requested limited discovery. This is an action for cybersquatting arising from the registration and use of 41 Internet domain names that appropriate MindGeek's valuable YOUPORN, REDTUBE, and PORNHUB

Mitchell
Silberberg &
Knupp LLP

6566584.1

1

1  trademarks: "poernhub.com," "porngub.com," "redtube.cc," "youporn.fm,"
2  "hdpornhub.net," "pornhub.at," "pornhub.co.uk," "pornhub.com.bz,"
3  "pornhub.com1.in," "pornjub.com," "pronhub.co," "red-tube.mx,"
4  "redtubelatino.com," "redtubevideosporno.com," "youporn.cams.com,"
5  "youporn.com.bz," "youpornespañol.com," "zaxredtube.com," "deutsche-youporn-
6  sexvideos.com," "download-redtube.com," "free-youporn.net," "freeyouporn-
7  sexvideos.com," "hd-porn-hub.com," "pornhuber-pornos.com," "pornhub-
8  sex.org," "pornhup.com," "pornohubs-sexvideos.com," "redtubeespañol.com,"
9  "redtubeitaliano.net," "redtubeporno.net," "redtubestop.com," "videa-
10 redtube.com," "youporn-deutsch.tv," "youporn-deutsch-tv.com," "youporn-
11 gratis.net," "youpornos66.com," "youporn-sexfilme.com," "youporn-
12 sexvideos.tv," "youpornstop.com," "youupornhub.com," and "yyouporn.net" (the
13 "Infringing Domain Names").

14        Before MindGeek filed this lawsuit, the Infringing Domain Names were
15 registered with the domain name registrars listed above.  The majority of the
16 Infringing Domains are held in the name of a privacy service or another
17 pseudonymous registrant, and thus the Whois results for these domains do not list
18 their true owners.  Because Defendants have used privacy services or other means
19 to protect their identities, MindGeek has been unable to determine the true
20 identities of Defendants, and therefore sued them as Does 1 through 10 in three
21 related (now consolidated) lawsuits.  Accordingly, the discovery sought by this
22 application is necessary to identify these individuals and amend the Complaints.
23        This Application is based upon this *Ex Parte* Application, the attached
24 Memorandum of Points and Authorities, the attached supporting Declaration of
25 Daniel A. Kohler, the Complaints in this action, and such other and further oral or
26        //
27        //
28        //

Mitchell
Silberberg &
Knupp LLP

6566584.1                                          2

documentary evidence and legal memoranda as may be presented at or before any hearing on this application.

DATED: January 6, 2015

MARC E. MAYER
DANIEL A. KOHLER
MITCHELL SILBERBERG & KNUPP LLP

By:   /s/ Daniel A. Kohler
     Daniel A. Kohler
     Attorneys for Plaintiff
     Licensing IP International S.à.r.l.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By this *Ex Parte* Application, Plaintiff Licensing IP International S.à.r.l. ("MindGeek") seeks leave to take circumscribed early discovery for the limited purpose of learning the identities of the Doe Defendants in this action so that MindGeek may amend the Complaints to sue them by name.  Specifically, MindGeek seeks a limited body of early discovery, designed solely to determine and confirm the current and previous owners of the 41 infringing Internet domain names at issue.

The requested discovery is limited to the following subpoenas:  MindGeek seeks to subpoena each of the following domain name "registrars" (or the applicable parent, subsidiary, or affiliate), which registered the infringing domain names at issue:

- DYNADOT, LLC;
- GODADDY, LLC;
- GoDaddy.com, LLP;
- GoDaddy.com Inc.;
- GoDaddy.com;
- NAME.COM; and
- ENOM, INC.

Additionally, MindGeek seeks to subpoena the following domain name registrants, including privacy services, (or the applicable parent, subsidiary, or affiliate), which have been used to shield the identities of the true owners of the infringing domain names at issue:

- Domains by Proxy, LLC;
- WHOISGUARD, INC.; and
- Whois Privacy Protection Service, Inc.

The registrars, registrants, and privacy services are likely to possess a detailed history of domain name registrations, as well as information concerning the IP (Internet protocol) addresses used by the person or persons who submitted these registrations.

Courts have recognized that where tortious conduct occurs through online activity, "[s]ervice of process can pose a special dilemma for plaintiffs" because tortfeasors are able "to commit certain tortious acts" virtually "pseudonymously or anonymously" by providing "fictitious or incomplete identifying information." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577-78 (N.D. Cal. 1999). The same is true here. Indeed, MindGeek's similar *ex parte* applications for expedited discovery were granted in four previous cybersquatting cases involving the anonymous infringement of MindGeek's YOUPORN, PORNHUB, and TUBE8 trademarks. (See Case Nos. 12-cv-05296-CBM-JC; 12-cv-05993-CBM-JC; 12-cv-07514-CBM-JC; 12-cv-07515-CBM-JC.)

The information sought by the requested subpoenas is absolutely critical for MindGeek to determine exactly who is behind the conduct at issue. At the same time, there will be no prejudice to Defendants or any third party if the subpoenas are issued. To the contrary, MindGeek will be entitled to this discovery in the normal course of litigation. Additionally, the subpoenaed parties will give notice to any impacted third party, who will have a full opportunity to object or move to quash, if he or she so elects.

## II.  STATEMENT OF THE CASE

**MindGeek and Its Well-Known Youporn, Redtube, and Pornhub Websites**. MindGeek owns and licenses one of the largest portfolios of premium adult-oriented website domain names and trademarks. MindGeek's websites are among the most visited websites on the Internet, and millions of people throughout the world visit MindGeek's websites each day. Indeed, according to the web

metrics firm "Alexa," the YouPorn, Redtube, and Pornhub websites are, respectively, the 244th, 202nd, and 65th most visited websites in the United States.(See Complaint, ¶ 14.) MindGeek has invested millions of dollars and countless employee hours designing and maintaining these websites, advertising the websites, and ensuring that the websites convey a distinctive and recognizable image and commercial impression. As a result of that effort and expense, the YouPorn, Redtube, and Pornhub websites are widely recognized around the world and have come to be associated in the minds of the public with high-quality adult-oriented content. Accordingly, MindGeek owns valid and enforceable trademarks in "YOUPORN," "REDTUBE," and "PORNHUB" among others. (See Complaint, ¶¶ 14-17.).

**The Infringing Domain Names**. Prior to the filing of this action, Defendants registered 41 Internet domain names containing MindGeek's trademarks (or confusingly similar variants thereof): "poernhub.com," "porngub.com," "redtube.cc," "youporn.fm," "hdpornhub.net," "pornhub.at," "pornhub.co.uk," "pornhub.com.bz," "pornhub.com1.in," "pornjub.com," "pronhub.co," "red-tube.mx," "redtubelatino.com," "redtubevideosporno.com," "youporn.cams.com," "youporn.com.bz," "youpornespañol.com," "zaxredtube.com," "deutsche-youporn-sexvideos.com," "download-redtube.com," "free-youporn.net," "freeyouporn-sexvideos.com," "hd-porn-hub.com," "pornhuber-pornos.com," "pornhub-sex.org," "pornhup.com," "pornohubs-sexvideos.com," "redtubeespañol.com," "redtubeitaliano.net," "redtubeporno.net," "redtubestop.com," "videa-redtube.com," "youporn-deutsch.tv," "youporn-deutsch-tv.com," "youporn-gratis.net," "youpornos66.com," "youporn-sexfilme.com," "youporn-sexvideos.tv," "youpornstop.com," "youupornhub.com," and "yyouporn.net" (the "Infringing Domain Names"). (See Declaration of Daniel A. Kohler ("Kohler Decl."), ¶ 2.)

As discussed more thoroughly in the Complaint (Complaint, ¶¶ 10-13), an Internet domain name is registered through a domain name "registrar," *i.e.* an entity that records (or registers) Internet domain names on behalf of members of the public. Once a domain name is registered, it may be assigned to specific Internet locations (known as URLs, or "Uniform Resource Locators") where website data is maintained. Only a single person or entity may hold a domain name registration at any one time.

To preserve their anonymity, Defendants registered the majority of the Infringing Domain Names using domain name "privacy services" or other pseudonymous registrants. (See Kohler Decl. ¶ 3.) The purpose of a privacy service is to shield the domain name owner from being identified through publicly available searches (sometimes referred to as "WhoIs" searches), which otherwise allow members of the public to look up the name and contact information of the domain name registrant. In this case, where the Infringing Domain Names were registered using privacy services or other pseudonymous registrants, the initial WhoIs searches for the Infringing Domain Names did not reveal the true identities of their registrants. (See id.)

**Procedural History and Need For Expedited Discovery.** In or around October of 2014, MindGeek conducted an investigation into the Infringing Domain Names. As noted, publicly available searches of the Infringing Domain Names revealed that the majority had been registered using privacy services or other pseudonymous registrants. (See Kohler Decl. ¶ 3.)

MindGeek filed this lawsuit, along with two other related lawsuits, on December 2, 2014. (See Kohler Decl., ¶ 5.) On December 16, 2014, the Court ordered the three lawsuits consolidated. (Id.) Because Defendants' true identities are unknown, MindGeek has not taken any further action in this litigation. MindGeek believes that the Defendants unlawfully and anonymously registered the Infringing Domain Names to divert traffic away from MindGeek's aforementioned

websites and confuse consumers into visiting their competing websites instead. (See Kohler Decl., ¶ 4.) For MindGeek to determine who Defendants are, it needs some basic information from the domain name registrars that registered the Infringing Domain Names and the privacy services and other pseudonymous registrants. (See Kohler Decl., ¶ 6.) Namely, MindGeek seeks to obtain from these third parties:

- ● The complete registration history of the Infringing Domain Names.
- ● The payment history for the Infringing Domain Names, reflecting the person(s) responsible for purchasing these domain names and paying any renewal fees.
- ● The IP address or addresses used to purchase and register the Infringing Domain Names.

### III. MINDGEEK SHOULD BE GRANTED LEAVE TO TAKE IMMEDIATE DISCOVERY.

While discovery ordinarily is deferred until the parties have conducted the Rule 26(f) conference, district courts have broad discretion in scheduling discovery, including broad discretion to order expedited discovery. Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). The court may authorize expedited discovery for "good cause." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); accord American LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); Rose v. Abraham, No. 1:08-CV-00606-AWI-SMS, 2008 WL 3540542, at *2 (E.D. Cal. Aug. 13, 2008); UMG Recordings, Inc. v. Doe, No. C 08-1038 SBA, 2008 WL 2949427, at *3 (N.D. Cal. July 30, 2008) (collecting cases). Good cause generally exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, 208 F.R.D. at 276. Moreover,

1  "good cause is frequently found in cases involving claims of infringement and
2  unfair competition."  Id.  Good cause is present here for the following reasons:
3    ***First***, the requested (limited) expedited discovery is necessary here to
4  identify the individuals or entities who own or control the Infringing Domain
5  Names.  Specifically, the discovery will reveal the identities of each person who
6  registered the Infringing Domain Names, the chain of custody of those Infringing
7  Domain Names, who paid the registration fees, and from where such person or
8  persons conducted their activities.  (See Kohler Decl., ¶ 6.)
9    Courts routinely allow early discovery to identify anonymous or "Doe"
10 defendants.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("where
11 the identity of [the] alleged defendant[] [is] not [] known prior to the filing of a
12 complaint[,] the plaintiff should be given an opportunity through discovery to
13 identify the unknown defendants, unless it is clear that discovery would not
14 uncover the identities, or that the complaint would be dismissed on other
15 grounds"); see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999)
16 (holding that district court erred in dismissing Doe defendant "simply because
17 [plaintiff] was not aware of Doe's identity at the time he filed his complaint");
18 Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997); Munz v. Parr, 758 F.2d
19 1254, 1257 (8th Cir. 1985); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980).
20 Such discovery is especially appropriate where individuals "pseudonymously or
21 anonymously" commit tortious acts over the Internet.  UMG Recordings, Inc. v.
22 Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) ("In
23 Internet infringement cases, courts routinely find good cause exists to issue a Rule
24 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f)
25 conference, where a plaintiff makes a prima facie showing of infringement, and
26 there is no other way to identify the Doe defendant, and there is a risk an ISP will
27 destroy its logs prior to the conference."); Seescandy.com, 185 F.R.D. at 578-81
28

Mitchell
Silberberg &
Knupp LLP

6566584.1

6

(authorizing plaintiff to conduct pre-service discovery to ascertain the identities of Doe defendants accused of committing trademark infringement over the Internet).

*Second*, the proposed expedited discovery will serve the interests of justice, as it will ensure that all necessary defendants are included in this lawsuit as soon as possible.  See Knapp v. Americredit Fin. Servs., Inc., 204 F.R.D. 306, 308-09 (S.D. W.Va. 2001) (granting expedited discovery to determine the identity of Doe defendants because it "further[s] the goal of assuring that the necessary parties are joined and participating in this action at the earliest possible date"); Semitool, 208 F.R.D. at 277 (reasoning that expedited discovery is justified where it will "substantially contribute to moving th[e] case forward").  (See Kohler Decl., ¶¶ 6, 7.)

*Finally*, there will be no prejudice to Defendants or any third party if this Application is granted.  This Application seeks leave to subpoena a limited number of entities.  If the Court grants this Application, MindGeek will promptly serve subpoenas and will provide a reasonable response date for the subpoenas (no less than 14 days).  (See Kohler Decl., ¶ 8.)  The subpoenaed parties will be able to notify any affected persons that MindGeek is seeking their identities and all parties will have the opportunity to raise objections by filing a motion to quash in this Court before the return date of the subpoena.  (See id.)  The subpoenaed parties will be asked for information that they would have eventually provided in the normal course of discovery, so they will take on no extra burden by responding to expedited discovery.  Thus, no party will be prejudiced if this Application is granted.

//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, MindGeek's *Ex Parte* Application for leave to take expedited discovery should be granted.

DATED: January 6, 2015

MARC E. MAYER
DANIEL A. KOHLER
MITCHELL SILBERBERG & KNUPP LLP

By:   /s/ Daniel A. Kohler
      Daniel A. Kohler
      Attorneys for Plaintiff
      Licensing IP International S.à.r.l.